STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. CHARLES H. MOLDENHAUER, PLAINTIFF IN ERROR.

Argued October 15, 1926—Decided February 26, 1927.

1. In a criminal prosecution under section 205 of the Crimes act, which prohibits the removal out of the county by the mortgagor of personal property mortgaged by him, without the consent of the mortgagee, and with intent to defraud, there must be present something evidential of a fraudulent intent, and something more than the daily prosecution of a rational method of business, which necessitated the taking of the chattel out of the county in a manner customary before the execution of the morgage, which custom was presumed to be known to the mortgagee.

2. In a prosecution under section 205 of the Crimes act, a criminal intent will not be presumed, but must be proved by positive testimony of *mala fides*, or by such concatenation of circumstances as will reasonably overcome the requirements of proof beyond a reasonable doubt, and negative the legal presumption of innocence.

---

On error to the Hudson County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the state, *John Milton.*

For the defendant, *Wall, Haight, Carey & Hartpence.*

The opinion of the court was delivered by

MINTURN, J.   In the prosecution of his business as a truckman, engaged in carrying vegetables to and from the New York and Pennsylvania markets, the defendant used certain automobile vehicles, one of them known as a Mack truck.  He found it necessary to borrow money to the extent of $816 from one Richard Strobel, and as security for the amount borrowed executed a chattel mortgage on March 18th, 1921, covering this truck.  The death of the mortgagee resulted in the execution of a new mortgage, in March, 1923, by the defendant to Mrs. Strobel in substitution of the former mortgage.  In that situation the defendant was indicted by the Hudson county grand jury for removing the mortgaged chattel out of the state, "without the knowledge of" and "with intent to defraud" the mortgagor, in pursuance of the provisions of the act which makes it a criminal offense for any mortgagor of personal property, without the consent of the mortgagee, and with intent to defraud, to remove the property out of the county wherein it was situated when the mortgage was executed.  *Pamph. L.* 1898, *p.* 794, § 205.

The defendant was tried and convicted of that offense, and now prosecutes this appeal under the one hundred and thirty-sixth section of the Criminal Procedure act, insisting that to sustain a conviction the proof must evince not only the mere physical act of customary transition, but also an intent by so doing to defraud the mortgagee.  Our perusal of the testimony makes it manifest that the defendant in operating the truck between this state and points in New York and Pennsylvania, which act presents the gravamen of his offense, so acted in the customary manner of prosecuting the recognized business he was engaged in when the mortgage was executed, a course of procedure known to the mortgagee, and apparently acquiesced in by him and his successor in title.

The defendant's *modus operandi,* manifestly, remained the same when this indictment was found as it was when the mortgage was executed.  No essential change of method can be observed from the evidence to characterize the defendant's conduct during the mortgage period as indicative of a deviation of method, or as an unusual departure from the recog-

nized course of business which the mortgagor customarily followed, so as to indicate that the rights of the mortgagee in the property were thus in anywise jeopardized. To sustain this conviction, where the statutory offense is expressly based upon the existence of a criminal intent to defraud, there must be present in the case something evidential of a fraudulent intent, something more than the daily prosecution of a routine method of business operation, with which, presumably, the mortgagee was familiar when the mortgage was executed, and which, obviously, must have met with her tacit consent, if not express approval, when she accepted the mortgage.

In such a situation of normality a criminal intent to defraud will not be presumed, but must be proved at least by positive testimony of *mala fides,* or by such a concatenation of circumstances as to reasonably overcome the legal requirement of proof beyond a reasonable doubt to warrant a conviction, and to negative the legal presumption of innocence. *State* v. *Malloy,* 34 *N. J. L.* 410; *Halsted* v. *State,* 41 *Id.* 552; *State* v. *Kretzkamp,* 87 *Id.* 80.

Failing to find such character of proof in the case, we conclude that the judgment of conviction must be reversed.